JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LILIANNE YOUSSEF, individually, and on behalf of the class,<br><br>Plaintiff,<br><br>v.<br><br>GREAT AMERICAN LIFE INSURANCE COMPANY, an Ohio corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02545-SPG-SHK<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 21]** |

Before the Court is the Motion to Remand (ECF No. 21 ("Motion")) filed by Plaintiff Lilianne Youssef. Defendant Great American Life Insurance Company ("Defendant") opposes (ECF No. 30 ("Opp.")), and Plaintiff has filed a reply (ECF No. 31 ("Reply")). The Court has read and considered the matters raised with respect to the Motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); C.D. Cal. L.R. 7-15. Having considered the parties' submissions, the relevant law, and the record in this case, the Court GRANTS the Motion.

# I. BACKGROUND

## A. Factual Background

This case arises out of Defendant's alleged termination of a life insurance policy (hereinafter, the "policy") held by Plaintiff's late husband. *See* (ECF No. 1-1 ("Compl.") ¶ 11). Plaintiff, as the alleged beneficiary of the policy, claims that Defendant terminated the policy because of an alleged missed payment. (*Id.* ¶ 45). Plaintiff further alleges that Defendant terminated the policy without providing her a 60-day grace period or the right to designate a trusted third party to receive notice of such grace period, thereby violating California Insurance Code §§ 10113.71, 10113.72. (*Id.* ¶¶ 40–46). To date, according to Plaintiff, Defendant has not paid Plaintiff the benefits of this policy. (*Id.* ¶ 48).

## B. Procedural History

In February of 2025, Plaintiff filed a Complaint on behalf of herself and other class members in state court. The Complaint alleges one cause of action: Defendant's alleged violation of California's Unfair Competition Law ("UCL"). *See* (*id.* ¶¶ 59–71). Plaintiff therefore seeks equitable relief for her UCL claim—specifically, restitution and an injunction, "remedying Defendant's violations of the [insurance] Statutes." (*Id.* at 16–17). The Complaint disclaims that Plaintiff and the putative class bring "these equitable claims under the UCL in lieu of other claims or remedies they may have at law." (*Id.* ¶ 70). Thereafter, in March of 2025, Defendant removed the case to this Court pursuant to the Class Action Fairness Act ("CAFA"). *See* (ECF No. 1).

# II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citations omitted). A defendant may remove a civil action filed in state court to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in

controversy exceeds $75,000, exclusive of interest and costs, 28 U.S.C. § 1332(a). An individual is a citizen of the state where he is domiciled, meaning the state where the person resides in his "permanent home" with the intent to remain or the place to which he intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

     A civil action brought in state court may be removed by a defendant to federal district court if, at the time of removal, the case is one over which the district court has original jurisdiction. 28 U.S.C. § 1441(a). CAFA confers original jurisdiction to the district courts over any class action in which the amount in controversy exceeds $5,000,000, any member of the class is a citizen of a state different from any defendant, and the proposed class includes at least 100 members. 28 U.S.C. § 1332(d). "Congress enacted [CAFA] to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC v. Owens* ("*Dart Cherokee*"), 574 U.S. 81, 89 (2014). "Through CAFA, Congress broadened federal diversity jurisdiction over class actions by, among other things, replacing the typical requirement of complete diversity with one of only minimal diversity." *Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 882 (9th Cir. 2013).

     To remove a case from a state court to a federal court, a defendant must file a notice of removal "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The removing defendant bears the burden of establishing federal jurisdiction. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). The Supreme Court has advised that "no antiremoval presumption attends cases invoking CAFA." *Dart Cherokee*, 574 U.S. at 89. Indeed, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Id.* (quoting S. Rep. No. 109–14, p. 43 (2005)); *see also Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) ("Congress intended CAFA to be interpreted expansively.").

     Where a plaintiff seeks remand of a removed action, the plaintiff may make either a "facial" or "factual" challenge to the defendant's jurisdictional allegations in the notice of removal. *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020). "A facial attack

accepts the truth of the defendant's allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Id.* (cleaned up). "A factual attack contests the truth of the allegations themselves." *Id.* (cleaned up). A defendant facing a "factual" challenge to its jurisdictional allegations bears the burden of providing "competent proof" that shows, by a preponderance of the evidence, that the jurisdictional requirements are satisfied. *Id.* at 699, 701. "[T]he removing party must be able to rely on a chain of reasoning that includes assumptions to satisfy its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $5 million, as long as the reasoning and underlying assumptions are reasonable." *Jauregui v. Roadrunner Transp. Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (cleaned up). Although a plaintiff may present evidence in support of a factual attack, the plaintiff "need only challenge the truth of the defendant's jurisdictional allegations by making a reasoned argument as to why any assumptions on which they are based are not supported by evidence." *Harris*, 980 F.3d at 700.

### III.  DISCUSSION

Plaintiff moves to remand this action to state court. Plaintiff advances three arguments in support of her Motion. First, Plaintiff contends that she lacks Article III standing to bring her claim for injunctive relief, and as such, the Court lacks subject matter jurisdiction over such claim. Second, the Court also lacks equitable jurisdiction over Plaintiff's UCL claim as the sole claim alleged in her complaint. Finally, Plaintiff asserts that because the Court lacks equitable jurisdiction over the sole UCL claim, remand is appropriate. The Court addresses each issue in turn.

#### A.  Article III Standing for Injunctive Relief

First, Plaintiff argues that the Court lacks jurisdiction over her claim for injunctive relief because she lacks Article III standing to assert such claim. "[T]he core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). At an "irreducible constitutional minimum," standing requires three elements: injury-in-fact, causation, and redressability. *Id.* at 560–61. A plaintiff "must demonstrate standing separately for each

form of relief sought." *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 185 (2000). "[A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 435 (2021).

Here, as Plaintiff notes, she cannot demonstrate that she is in danger of facing future injury by Defendant—for example, the possibility of Defendant cancelling the policy again. *See* (Reply at 14). Indeed, another court in this district, reviewing allegations of unlawful cancellations of a life insurance policy, has reached a similar conclusion. *See Graciano v. United Fid. Life Ins. Co.*, No. 5:23-CV-02015-JLS-KK, 2024 WL 1135735, at *2 (C.D. Cal. Jan. 24, 2024) (dismissing a UCL claim for lack of Article III standing to seek injunctive relief because the insurance company "ha[d] already allegedly terminated [the] policy" of the plaintiff's deceased mother, and the plaintiff "ha[d] suffered only past harm"). When a plaintiff lacks Article III standing, "[r]emand is the correct remedy because a failure of federal subject-matter jurisdiction means only that the federal courts have no power to adjudicate the matter." *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1196 (9th Cir. 2016). "State courts are not bound by the constraints of Article III." *Id.* In sum, because Plaintiff lacks Article III standing for injunctive relief for her UCL claim, the Court lacks subject matter jurisdiction over such claim, and remand is appropriate.

### B. Equitable Jurisdiction Over UCL Claim

Second, Plaintiff further argues that the Court lacks equitable jurisdiction over her UCL claim seeking restitution.[1] The Court agrees. California courts have long recognized that "[a] UCL action is equitable in nature." *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1144 (2003); *see also Sonner v. Premier Nutrition Corp.*, 971 F.3d 834,

---

[1] The Complaint seeks two forms of relief: an injunction and restitution. *See* (Compl. at 4, 16–17). Because Plaintiff asserts that the Court lacks both subject matter jurisdiction for an injunction and equitable jurisdiction for restitution, the Court addresses both issues.

839 n.2 (9th Cir. 2020) ("California courts have held that 'the UCL provides only for equitable remedies.'" (quoting *Hodge v. Superior Court*, 145 Cal. App. 4th 278 (2006) and citing *Nationwide Biweekly Admin., Inc. v. Superior Court*, 9 Cal. 5th 279 (2020))). As the Ninth Circuit has instructed, "to entertain a request for equitable relief, a district court must have equitable jurisdiction . . . ." *Guzman v. Polaris Indus. Inc.*, 49 F.4th 1308, 1313 (9th Cir. 2022); *see also Sonner*, 971 F.3d at 837 ("[F]ederal courts must apply equitable principles derived from federal common law to claims for equitable restitution under California's Unfair Competition Law . . . ."). Equitable jurisdiction, in turn, "can only exist under federal common law if the plaintiff has no adequate legal remedy." *Guzman*, 49 F.4th at 1313; *see also Schroeder v. United States*, 569 F.3d 956, 963 (9th Cir. 2009) ("[E]quitable relief is not appropriate where an adequate remedy exists at law."). Therefore, notwithstanding California law providing a cause of action for equitable relief, a federal court is nonetheless bound by its duty to assure itself of its equitable authority under federal law. *See Sonner*, 971 F.3d at 841 ("[E]ven if a state authorizes its courts to provide equitable relief when an adequate legal remedy exists, such relief may be unavailable in federal court because equitable remedies are subject to traditional equitable principles unaffected by state law.").

In *Sonner*, the Ninth Circuit concluded that "the operative complaint does not allege that [the plaintiff] lacks an adequate legal remedy," and as such, the plaintiff "fail[ed] to make . . . a showing" that a federal court could exercise its authority to hear the plaintiff's UCL claim. 971 F.3d at 844 (citing *O'Shea v. Littleton*, 414 U.S. 488, 502 (1974) for the proposition that "a complaint seeking equitable relief failed because it did not plead 'the basic requisites of the issuance of equitable relief' including 'the inadequacy of remedies at law'"). Post-*Sonner*, several district courts within the Circuit have concluded that plaintiffs must plead that they lack adequate remedies at law to demonstrate that federal courts may exercise equitable jurisdiction. *See, e.g.*, *Guthrie v. Transamerica Life Ins. Co.*, 561 F. Supp. 3d 869, 875 (N.D. Cal. 2021) ("I and many other district judges applying *Sonner* have understood it to require that a plaintiff must, at a minimum, plead that she

lacks adequate remedies at law if she seeks equitable relief." (collecting cases)); *Haver v. Gen. Mills, Inc.*, No. 3:24-CV-01269-CAB-MMP, 2024 WL 4492052, at *3 (S.D. Cal. Oct. 11, 2024) ("Numerous courts applying *Sonner* have been clear: a plaintiff must (at least) plead that they lack adequate remedies at law if they seek equitable relief."), *appeal filed*, 24-6784 (9th Cir. Nov. 7, 2024); *Granato v. Apple, Inc.*, Case No. 5:22-cv-02316-EJD, 2023 WL 4646038, at *4 (N.D. Cal. July 19, 2023).

Here, Plaintiff has brought an equitable UCL claim—the sole cause of action in her lawsuit—and has not alleged that she lacks an available adequate remedy at law. In fact, Plaintiff's Complaint and instant Motion represent that she does not intend to ever allege that she lacks adequate remedies at law; she asserts that she could seek other adequate remedies at law arising out of a potential claim for breach of contract. *See* (Compl. ¶ 70); *see also* (Mot. at 8). Because Plaintiff does not allege that she lacks adequate legal remedies, the Court does not have equitable jurisdiction over her UCL claim.[2]

### C. Request for Remand

Because the Court lacks equitable jurisdiction over Plaintiff's UCL claim, the final inquiry is whether the absence of equitable jurisdiction warrants remand. Plaintiff argues that it does. Defendant, on the other hand, asserts that equitable jurisdiction does not bear on the Court's analysis of whether remand is appropriate. Instead, according to Defendant,

---

[2] That the Plaintiff has elected to forego alternative claims with legal remedies is of no consequence here because "the plaintiff [is] the master of the claim" and "may avoid federal jurisdiction" by alleging only equitable claims. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Other district courts have reached similar conclusions. *See Rogoff v. Transamerica Life Ins. Co.*, No. EDCV 24-1254 JGB (SPX), 2024 WL 5010642, at *3 (C.D. Cal. Dec. 6, 2024) (explaining that "[w]hether Plaintiff elected to forgo available legal remedies is irrelevant to the inquiry" of the court's equitable jurisdiction over the UCL claim); *see also Linton v. Axcess Fin. Servs., Inc.*, 2023 WL 4297568, at *2 (N.D. Cal. June 30, 2023) (concluding the court lacked equitable jurisdiction over the plaintiff's restitution claim even though the plaintiff "argues that, while she could have sought legal remedies, such as damages for usury, she elected not to do so").

removal to federal court starts and stops with a showing that subject matter jurisdiction exists.

The Ninth Circuit has not addressed this specific question—that is, whether the absence of equitable jurisdiction in an action requires remand. In fact, the Ninth Circuit is currently reviewing this issue on appeal. *See Ruiz*, 2024 WL 2844625, *appeal filed* 24-3378 (9th Cir. May 29, 2024).[3] Nonetheless, "[e]quitable jurisdiction," the Ninth Circuit has explained, "is distinct from subject matter jurisdiction, although both are required for a federal court to hear the merits of an equitable claim." *Guzman*, 49 F.4th at 1314; *see also Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 381 (1992) ("It is a basic doctrine of equity jurisprudence that courts of equity should not act when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." (cleaned up)). Because equitable jurisdiction is required for a federal court to hear the merits of an equitable claim, district courts within this Circuit have generally agreed that the absence of equitable jurisdiction defeats removal, thereby remanding such cases back to state court. *See, e.g., Horton v. Kraft Heinz Foods Co., LLC*, No. 24-CV-909 TWR (SBC), 2024 WL 4211182, at *1 (S.D. Cal. Sept. 6, 2024); *Guthrie*, 561 F. Supp. 3d at 880–81; *Clevenger v. Welch Foods Inc.*, No. 23-cv-00127, 2023 WL 2390630, at *4 (C.D. Cal. Mar. 7, 2023); *Linton*, 2023 WL 4297568, at *4; *Granato*, 2023 WL 4646038, at *5; *Ruiz*, 2024 WL 2844625, at *5–6; *Rogoff*, 2024 WL 5010642, at *4.

As one court noted, while remand may not necessarily be compelled due to lack of subject matter jurisdiction, it is an appropriate exercise of the court's discretion out of both "'regard for federal-state relations' and 'wise judicial administration.'" *Granato*, 2023 WL 4644038, at *5 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996)); *see also Ruiz*, 2024 WL 2844625, at *4 (concluding that "when a court lacks the power to grant an equitable remedy, it may decline to exercise jurisdiction and remand the case to state court" (citing *Cates v. Allen*, 149 U.S. 451, 460-61 (1893)); *Guthrie*, 561 F. Supp. 3d at

---

[3] The Ninth Circuit in *Ruiz* heard oral arguments on March 27, 2025.

878 ("[I]f a removed suit is 'beyond the equitable jurisdiction of the federal court' but 'may be granted by the state court,' remand should follow." (quoting *Twist v. Prairie Oil & Gas Co.*, 274 U.S. 684, 690 (1927))). Thus, notwithstanding the absence of Ninth Circuit authority on this issue, the Court finds the sister district courts' reasoning persuasive. Because the Court lacks both equitable and subject matter jurisdiction to hear the merits of Plaintiff's sole UCL claim, the Court finds that remand is appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion.

**IT IS SO ORDERED.**

DATED: August 7, 2025

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE